IN THE MATTER OF THE PETITION OF LEOPOLD BOHM, APPELLANT, TO VACATE AN ASSESSMENT.

*Chapter 312, Laws of 1874 — power of court to order a reference under — Distinction between power of court to order reference in actions and in special proceedings.*

In applications to vacate assessments under chapter 312, Laws of 1874, the court has power to refer the matter to a referee to take and report the testimony to the court.

APPEAL from an order of reference made at Special Term, referring it to a referee to take the proofs in the matter, and report the same to the court.

*Irving Ward*, for the appellant. The power of reference which the court possesses is derived from legislative enactment, and no authority to refer can exist in any statutory proceeding, unless by express affirmative direction in the statute. (Code, §§ 254, 271, 401; 2 Till. & Shearman, 519; 7 Abb., 70; 12 Abb. Pr. [N. S.], 250; 37 How., 399; 45 Barb., 344; 11 How., 439 [cited 26 Barb., 361]; 6 Abb. [N. S.], 245; 8 Bosw., 701; 1 Sweeney, 352.) The sole authority which the court possesses to entertain an application of this character is derived from the legislature. This proceeding is purely statutory, and the court acquires jurisdiction solely from express statutory enactments; therefore this jurisdiction must be exercised in the exact manner pointed out by the statute. (Laws of 1858, chap. 338; Laws of 1874, chap. 312; 2 Cranch, 127; 19 Barb., 558; 1 Seld., 439; 10 N. Y., 328; 17 id., 383; 18 id., 412; 4 Hill, 76, 92; 2 Denio, 330; 3 id., 599; 2 Barb., 114; 6 id., 611; 15 id., 395; 52 N. Y., 527; 46 id., 42; *In re Phillips*, Ct. of

App., Jan. 1875, MS.; 19 Barb., 649; 35 id., 474; 10 N. Y., 329; 23 id., 286; 1 Burr., 377; 7 ·T. R., 363; 3 Johns. Cases, 107; 7 Johns., 541; 1 Hill, 130; 2 Kern., 575; 6 Abb. Pr., 162; 3 N. Y., 401; 51 id., 610; 3 id., 511.)

*William Barnes*, for the respondent.

DANIELS, J.:

The application made in this case was to have an assessment vacated, which had been imposed upon the petitioner's property for the expense of a local improvement. It was by petition, and the court ordered a reference of it for the simple purpose of taking the proofs designed to be given by the parties. The proceeding was provided for by chapter 338, of the Laws of 1858, as amended by chapter 312 of the Laws of 1874. By these acts it is required to be by an application to a judge of the Supreme Court, at Special Term, or in vacation, who shall thereupon, upon due notice to the counsel to the corporation of the city in which the lands so assessed are situated, proceed forthwith to hear the proofs and allegations of the parties. (Laws of 1874, 366, § 1.) And, by section 2 of the same act, an action for that purpose was prohibited. What the law provided for, was therefore a special proceeding, as distinguished from an action. And, for that reason, the cases relied upon by the petitioner's counsel, in which it has been held that actions cannot be referred unless some statute has provided for their reference, can have no application to the present controversy. It is claimed, however, that the act requires the proofs to be taken in open court. But that is clearly a misapprehension. It simply provides that the court shall proceed forthwith to hear the proofs and allegations of the parties, not that they shall be taken as well as heard before the court. How the proofs are to be taken the legislature has not provided. And for that reason they may be taken as that is usually done in similar proceedings. When the petition has been properly presented, jurisdiction is acquired over the case and the parties to it. Both become subject to its practice and authority. And for that reason it may control the proceeding the same as it usually does those of a similar character. Under the preceding practice, applications for relief by petition were usually addressed to the Court

of Chancery, and when proof was required to be taken for the purpose of considering and disposing of them, it was never done in open court, but by a reference to a master ; and upon the proof taken before him and his report, the hearing was afterward had. For those purposes this practice still continues. It is only in equity cases, as distinguished from mere summary applications, that the testimony has been required to be taken in like manner as in cases at law. (Art. 6, § 10, Const. of 1846.) And that still allows special proceedings to be controlled and disposed of as they previously had been under the well settled practice of courts of equity. The power was expressly continued by the judiciary act, passed after the adoption of the present Constitution. It provided that, on and after July, 1847, " courts of record may, by an order to be entered in any suit or proceeding at law or in equity, refer any matter *heretofore usually referred to any clerk, master in chancery or referee,* to a clerk of the same court, or to any county judge, or local officer," etc., " *or other suitable person,* in the same manner as references have heretofore been made to any officer or person by any court, and with the same powers as have heretofore been possessed by such officer or person." (3 R. S. [5th ed.], 291, § 49.) That clearly invested this court with all the authority the preceding Court of Chancery had to refer such an application, when it could have been made to that tribunal during its existence. And it included the power exercised over the petitioner's application. Beyond this statutory provision, the court, by virtue of its general powers, has inherent authority to refer summary applications made to it, for the purpose of taking such proof as it may require to enable it to pronounce an intelligent judgment on their merits. It was declared, in the opinion given in *Dwight* v. *St. John* (25 N. Y., 203) that, without the Code, the court always had the right to refer, to take proofs on matters upon which it desired fuller information before proceeding (id., 205); and no dissent was expressed to the accuracy of this general proposition. The order appealed from should be affirmed, with ten dollars costs, besides disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs, besides disbursements.